IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM V. BYRD,                    :

    Plaintiff,                      :

vs.                                 :     CA 06-0634-C

MICHAEL J. ASTRUE,                  :
Commissioner of Social Security,
                                    :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 13 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 14 (order of reference)) Upon consideration of the administrative record, plaintiff's proposed report and

recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the June 6, 2007 hearing before the Court, it is determined that the decision to deny benefits should be remanded to the Commissioner of Social Security, pursuant to sentence six of 42 U.S.C. § 405(g), for consideration of new and material evidence.[1]

Plaintiff alleges disability due to residuals from a T12 fracture. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant has residuals from a T12 compression fracture, an impairment that is considered to be "severe" under the Social Security Act.
>
> 4. The claimant's impairment does not meet or equal in severity the appropriate medical findings contained in 20 CFR 404, Appendix 1 to Subpart P (Listing of Impairments).
>
> 5. The claimant is 51 years old, a "person closely approaching advanced age".
>
> 6. The claimant has a 12th grade or "high school" education.
>
> 7. The claimant has past relevant work experience as a truck driver.
>
> 8. The claimant's allegations regarding his limitation[s] are

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 13 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

not totally credible to the extent the claimant is precluded from performing work activity.

9.   The claimant has the residual functional capacity to perform light work, which involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The claimant can sit for 8 hours during an 8-hour day, stand for 6 hours and walk for 4 hours in an 8-hour day. (20 CFR § 404.1567 and Rule 202.00).

10.   Based on vocational expert testimony, the claimant is unable to return to his past relevant work.

11.   Based on the vocational expert testimony, there are a significant number of jobs that exist that a person the claimant's age, education and vocational profile can perform. Examples of such jobs are parking attendant of which there are 33,901 in the nation and work as an arcade attendant of which there are 103,602 in the nation. . . .

12.   The claimant was not under a disability as defined by the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(e)).

(Tr. 24-25) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the

examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The normal task for this Court in a case like the present one would be to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform other work in the national economy, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2] However,

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary.  *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

in this abnormal case the Court does not reach the merits of the ALJ's decision. Instead, the Court agrees with plaintiff's argument that a remand of this action is necessary for consideration of new evidence.

The Appeals Council ("AC"), in denying Byrd's request for review, determined that the new information submitted to it did "not provide a basis for changing the Administrative Law Judge's decision." (Tr. 4-5) In this case, the new evidence submitted by plaintiff consists of the July 6, 2006 final judgment entered by the Circuit Court of Washington County, Alabama in Byrd's worker's compensation case. (Tr. 545-554)

In *Falge v. Apfel*, 150 F.3d 1320 (1998), *cert. denied*, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999), the Eleventh Circuit recognized two different kinds of cases which allow a reviewing court to "consider evidence submitted only to the AC." *Id*. at 1323; *see also id*. at 1324.

> For example, 42 U.S.C. § 405(g) permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence. To succeed on a claim that remand is appropriate, Falge would have had to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. . . .
>
> We accept that, if an applicant can show good cause for his failure to introduce evidence during a hearing before the ALJ

> (even if the evidence was available to the applicant before the ALJ's decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence. . . .
>
> And, we can think of another kind of case where we will consider evidence submitted only to the AC. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision [the denial of review] is . . . subject to judicial review because it amounts to an error of law." . . . To review the AC's denial of review, courts will have to look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision. *See* 20 C.F.R. § 404.970(b) ("Appeals Council *shall* evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision.") (emphasis added); 20 C.F.R. § 416.1470(b) (same).

*Id.* at 1323-1324. This case clearly falls within the second category of cases recognized in *Falge* as, here, the Appeals Council, in denying review, clearly determined that the evidence submitted to it was not material. *Compare* Tr. 4-5 *with Falge*, 150 F.3d at 1324. Therefore, in order for this Court to review the AC's denial of review, it must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision." *Id*.

The Court finds an error of law in this case because the Appeals Council incorrectly determined that the evidence submitted to it by plaintiff

would not change the ALJ's decision. "To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Clearly the worker's compensation decision submitted by plaintiff from the Circuit Court of Washington County, Alabama would have to be regarded as relevant and probative under *Caulder*, since same relates to the very impairment Byrd raised throughout the administrative proceedings as the source of his disability (i.e., residuals of the T12 compression fracture). Moreover, plaintiff has demonstrated a reasonable possibility that this evidence would change the administrative outcome inasmuch as, contrary to the Commissioner's argument, it relates to the period on or before the date of the ALJ's October 21, 2005 hearing decision. A review of the trial court's decision reveals the finding that Byrd has been totally disabled from any gainful employment in the open job market since his on-the-job accident on January 23, 2003. (Tr. 545-554)

> 5. The Plaintiff was treated by Dr. Eugene Quindlen who opined that Mr. Byrd reached maximum medical improvement (MMI) on May 13, 2003 and was assigned a five percent (5%) impairment rating. Dr. Quindlen testified that the Plaintiff's injuries were caused by the accident, and that the T-12 compression fracture, and the angle of the T-12 fracture,

would restrict the Plaintiff from any heavy lifting greater than 15 pounds, no repeated bending, stooping, climbing, pushing and pulling greater than 15 pounds, and no driving longer than 45 minutes. The Doctor further testified that should a job be available to Mr. Byrd within those restrictions, then he would need to be able to alternate between sitting and standing. Dr. Quindlen testified that these restrictions would be permanent. The court accepts this testimony and finds that the Plainitff reached maximum medical improvement as of May 13, 2003, has a five percent (5%) impairment rating, that the Plaintiff's injuries were caused by the accident, that the T-12 fracture would restrict the Plaintiff from any heavy lifting greater than 15, no repeated bending, stooping, climbing, pushing and pulling greater than 15 pounds, and no driving longer than 45 minutes, that Plaintiff needs to alternate between sitting and standing in any potential job and that these restrictions are permanent.

6.  This court further finds from the evidence that Plaintiff was unable to return to his previous employment due to these restrictions.

7.  The court finds that the Plaintiff at the time of trial [on September 13, 2005] was a 51 year old white male. The Plaintiff has a 12th grade education.

8.  That the Plaintiff has primarily worked as a truck driver, a job which requires physical manual labor, all of his life. The court finds that the Plaintiff has never worked on any job that did not require him to engage in physical manual labor. The court finds that he has no other skills.

9.  The court further finds that because of pain, problems, limitations and restrictions as a result of the job injury, he has not engaged in gainful employment since the injury, however, the Plaintiff made a limited attempt to return to work, during which time the Plaintiff worked in sheltered employment for a period of 12 days at $100/day during one

attempt and 10 days at $50/day during a second attempt; both of which he was unable to continue.

10. The court finds from the evidence that as a result of said accident and injury, that the Plaintiff was temporarily totally disabled from the date of the accident [on January 23, 2003] until he reached MMI.

11. The court further finds from the evidence that the Plaintiff has been unable to return to gainful employment as a result of his physical condition, the pain he experiences, the permanent restrictions from Plaintiff's job injury, and the chronic pain the Plaintiff suffers which is exacerbated if he tries to perform activities outside of his restrictions. The court finds, based upon the medical testimony, the Plaintiff will experience pain, discomfort, limitations and restrictions in the future. The court further finds that during time period in which the Plaintiff attempted to return to work as loader operator and truck driver, that he continued to experience extreme pain and difficulty, and further, that because of the continued problems and increased pain experienced by the Plaintiff, he was forced to cease any attempt to continue seeking or performing gainful employment. The court further finds that because of the pain and problems that he experiences from his injury he has been unable to return to gainful employment since he reached MMI. . . .

12. The court finds that the testimony was in dispute over the extent of the worker's disability, and that the court puts more credence in the testimony of the worker's vocational expert, James Cowart, M.A., LPC, CRC. The court finds that because of the said limitations and restrictions placed on the Plaintiff, the bodily impairment of the Plaintiff, the pain and associated problems the Plaintiff experiences with his condition, and from the evidence as a whole, including the court's observations of the Plaintiff, that from the date the Plaintiff reached maximum medical improvement, through the date of this judgment[,] the Plaintiff has been and is now permanently and totally disabled from working at his normal trade as a truck

>driver, is unable to seek or obtain gainful employment, or to be retrained for gainful employment. The court further notes that the Plaintiff's vocational expert, James Cowart, testified that the Plaintiff was 100% totally disabled and accepts that testimony as credible. The court further finds from the evidence that there is no gainful employment available to Plaintiff in the open job market.

(*Id*. at 547-550) Given the trial court's acceptance of the vocational expert's testimony, the decision of this court might very well be entitled to great weight. *See Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983). Accordingly, the Court finds that the Appeals Council incorrectly determined that this evidence was not material.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be remanded to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g). With entry of this sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination[,] *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991), and therefore, the plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 297-298, 113 S.Ct. 2625, 2629

& 2631-2632, 125 L.Ed.2d 239 (1993). "In sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan, supra*, 501 U.S. at 102, 111 S.Ct. at 2165.[3]

      **DONE** and **ORDERED** this the 8th day of June, 2007.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

---

[3] Although this Court retains jurisdiction over this case, the Clerk of Court is directed to statistically close the case at this time. This cases is to be statistically reopened when notice is given by the Commissioner that the post-remand proceedings have been completed.