**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM V. BYRD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 06-0634-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's motion and application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 32) and defendant's objection (Doc. 34). Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $8,422.56 under the EAJA for legal services rendered by his attorney in this Court, court costs of $350.00, and expenses of $9.60, for a total EAJA award of $8,782.16.

**FINDINGS OF FACT**

1. On October 15, 2009, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 31; *see also* Doc. 30)

2. The motion and application for attorney's fees under the EAJA was filed on January 7, 2010 (Doc. 32), some eighty-four (84) days after entry of final judgment (*compare id. with* Doc. 31). In the motion and application, plaintiff requests attorney's fees in the amount of $8,849.24 to compensate his attorney for the time spent representing him before this Court as of the date of the filing of the fee application, court costs of $350.00, and litigation expenses totaling $9.60. (*See* Doc. 32)

3. The Commissioner of Social Security filed a response to plaintiff's EAJA fee application on January 21, 2010 and therein contends that his position in this litigation was substantially justified. (*See* Doc. 34)

**CONCLUSIONS OF LAW**

1. The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of

agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

2. The Commissioner contends that his position in this litigation was substantially justified because the ALJ did not err in failing to quantify plaintiff's pain in the hypothetical posed to the vocational expert ("VE") since a hypothetical question need only contain the limitations resulting from a claimant's impairments, rather than the conditions or symptoms causing those limitations. (*See* Doc. 34, at 3-4) In addition, the Commissioner contends that since the evidence of record clearly establishes that plaintiff's chronic pain was not disabling in nature, the hypothetical question posed to the VE was reasonable. (*See id*. at 4-7) In the first instance, the Commissioner cites to no case law establishing that hypothetical questions need not contain a quantification/description of a claimant's pain where pain is the central issue, as here, and the burden has shifted to the defendant to establish that there are other jobs in the national economy that plaintiff can perform in light of his exertional and non-exertional impairments and limitations. If anything, the contrary appears to be the course normally followed by ALJs. *See, e.g.*, *Webster v. Barnhart*, 343 F.Supp.2d 1085, 1089 n.15 (N.D. Ala. 2004) ("The

ALJ chose to describe plaintiff's pain as 'moderate' when posing his hypothetical to the vocational expert."). Moreover, as indicated in the Court's decision remanding this action for further proceedings, the requirement to describe the level of pain suffered by a claimant does not arise only where it is shown that a claimant's impairments can be expected to produce disabling pain; instead, it also arises in the context of the Commissioner's fifth step burden where a claimant has an impairment which can produce pain and chronic pain is alleged as the primary limiting impairment. (*See* Doc. 30) Therefore, the Court finds no reasonable basis in law or fact for the question(s) posed to the VE and the resultant denial of benefits. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2, 101 L.Ed.2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."); *Myers v. Sullivan*, 916 F.2d 659, 666-667 (11th Cir. 1990) ("If the district court concludes that the government's positions were 'substantially justified'--i.e., all of the government's arguments possessed a 'reasonable basis both in law and fact,' . . . then, notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's

fees."). Accordingly, the Court rejects the Commissioner's argument that his position in this case was substantially justified.

3. The Commissioner makes no argument that plaintiff is not a prevailing party under the EAJA (*see* Doc. 34);[1] therefore, the Court focuses its attention on other matters.

4. The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of October 15, 2009 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, December 14, 2009. The motion and application filed in this case, bearing a date of January 7, 2010, is timely since it was filed within thirty days of December 14, 2009.

5. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not

> properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

6. In *Norman, supra,* the Eleventh Circuit indicated that "the

measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

7. Although the defendant does not object to the number of hours listed on the itemization filed by plaintiff's attorney, the Court finds, based upon some of its previous decisions, that several of the entries are unreasonable and, therefore, same are reduced accordingly. This Court has consistently applied *Payne v. Sullivan,* 813 F.Supp. 811, 813 (N.D. Ga. 1991) to reduce unreasonable requests for receipt and review of court documents, *see, e.g., Taylor v. Barnhart*, CA 04-0686-CB-C, and in *Burrows v. Barnhart*, CA 02-0592-P-C, Report and Recommendation, at 7, it was specifically recognized that "this Court regularly awards fees for one hour of attorney work in preparing EAJA petitions[.]" In light of the foregoing, petitioner's January 17, 2007 entry is reduced from 1.2 hours to twelve minutes (.2); his June 14, 2007 entry is reduced from thirty-three minutes (.55) to twelve minutes (.2); his June 20, 2007 entry is reduced from eighteen minutes (.3) to six minutes (.1); his October 23, 2009 entry is reduced from thirty minutes (.5) to twelve minutes (.2); and his January 9, 2010 entry is reduced from 1.65 hours to one (1) hour. In total, therefore, plaintiff's request that his attorney be compensated

for 51.85 hours of work is reduced by 2.50 hour to 49.35 hours.

8. With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

9. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost

of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

10. For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[2])/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id.* at 11, quoting Doc. 31, at 2)

11. The temporal midpoint in this case was April 11, 2008, the complaint having been prepared on or about October 6, 2006 (*see* Doc. 1) and the Court having entered its order and judgment on October 15, 2009 (Docs.

[2] "The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*, CA 06-0147-C, Doc. 31, at 3.

22-23). The CPI-U for April of 2008 was 208.085. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x208.085/152.4. Completion of this equation renders an hourly rate of $170.67.

12. In consideration of the foregoing, the plaintiff is awarded an attorney's fee in the amount of $8,422.56 under the EAJA for the 49.35 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

13. Plaintiff also seeks reimbursement for certain expenses of litigation, namely PACER charges, totaling $9.60. Litigation expenses are compensable under the EAJA provided they are "'necessary to the preparation of the [prevailing] party's case.'" *Jean, supra*, 863 F.2d at 778, quoting 28 U.S.C. § 2412(d)(2)(A). "'[E]xpenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.'" *Id*., quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir. 1987). "[A] breakdown of expenses [is] necessary in order to determine the reasonableness of the charges." *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404

(Fed.Cir. 1987). Davis has set forth on his itemization that he incurred PACER charges totaling $9.60 in this action. (Doc. 32, ATTACHMENT SHOWING DETAIL OF PROFESSIONAL SERVICES RENDERED, at 2) Simply because PACER allows parties one free look at filings does not establish that the charges incurred by plaintiff's counsel necessarily were unreasonable. Given the small amount requested to be reimbursed ($9.60), the Court finds that plaintiff should be reimbursed his litigation expenses in this regard.

14. Finally, plaintiff seeks reimbursement for the $350.00 filing fee paid on his behalf when the complaint was filed on October 6, 2007. (*See* Docket Sheet Entry for October 6, 2007) It is clear to the undersigned that court costs are compensable under the Equal Access to Justice Act, *Davis v. Apfel*, 2000 WL 1658575, *4 (M.D. Fla. 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. § 2412(a)(1) & (d)(1)(A). It is undisputed that Davis incurred $150.00 in costs in the form of the filing fee. She is entitled to recover this amount."); *see also Huitt v. Apfel*, 2000 WL 726914, *3 (S.D. Ala. 2000) ("[P]laintiff is entitled to court costs of $150.00[.]"), and, therefore, plaintiff is entitled to recover the $350.00 filing fee paid in this case. The filing fee portion of the EAJA award is to be reimbursed from the Judgment Fund administered by the United States

Department of Treasury. *See Reeves v. Barnhart*, 473 F.Supp.2d 1173, 1174 (M.D. Ala. 2007) ("The Commissioner proposed Plaintiff be compensated for the filing fee from the Judgment Fund administered by the United States Treasury Department. [] The court ordered that fees be paid to Plaintiff as recommended by the Commissioner."), *aff'd sub nom. Reeves v. Astrue,* 526 F.3d 732 (11th Cir.), *cert. denied,* ___ U.S. ___, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008).[3]

## CONCLUSION

The Court **ORDERS** that plaintiff be awarded attorney's fees in the amount of $8,422.56 under the Equal Access to Justice Act, representing compensation for 49.35 hours of service by Clayton K. Davis, Esquire, at the cost-of-living adjusted rate of $170.67 per hour, court costs of $350.00, and

[3] This Court need **REJECT** the request of plaintiff that "all attorney fees, expenses, and costs awarded under the EAJA be paid directly to his [] attorney[,]" in light of his assignment of same to his attorney. (Doc. 32, at 1; *see also id*., ASSIGNMENT OF ATTORNEY FEES AND COSTS) Plaintiff is the prevailing party in this case and, under the explicit terms of the statute, the award of fees and other expenses is to be made to the prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A). In absence of pertinent case law out of this Circuit establishing that this Court may pay attorney's fees directly to plaintiff's counsel, this Court will continue to follow statutory provisions and order only that fees be awarded to the prevailing party.

expenses of $9.60; the total EAJA award due and owing plaintiff is $8,782.16.

**DONE** this the 5th day of February, 2010.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**